# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-11365
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
July 20, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Scott Lynn Fishbein,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CR-84-1

———————————————————————

Before Clement, Richman, and Willett, *Circuit Judges*.

Per Curiam:[*]

Scott Lynn Fishbein appeals pro se the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). In February 2020, Fishbein communicated online with and made plans to meet a thirteen-year-old girl for sex. Or so he thought. Fishbein was actually messaging an undercover officer. When Fishbein arrived at their pre-planned

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

meeting place the next day, he was arrested. Fishbein was later charged with and pleaded guilty to enticing a minor to engage in sexual activity under 18 U.S.C. § 2422(b). The district court sentenced Fishbein to 151 months of imprisonment to be followed by a lifelong term of supervised release.

In his motion for compassionate release, Fishbein asked the district court to shave thirty months off his prison sentence and drop his supervised release term from life to five years. Fishbein argued that his sentence should be reduced because it was more severe than the sentences received by similarly situated defendants, the district court failed to consider Fishbein's relevant characteristics and background, and "there was no victim[, o]nly a Police Detective posing as an underage girl." He also cited his post-sentencing rehabilitation efforts, church attendance, his mental slowness, the recent death of his stepfather, and his mother's need for a second caregiver as grounds for a reduction.

The district court denied the motion, calling it "frivolous." The court looked to the Sentencing Guidelines' amended policy statement at § 1B1.13 to conclude that Fishbein failed to demonstrate an extraordinary and compelling reason to justify a reduction in his sentence. *See* U.S.S.G. § 1B1.13, p.s. The court characterized the facts as "extremely troubling" and noted that even if Fishbein could demonstrate an extraordinary and compelling reason, the court would not exercise its discretion to reduce his sentence because, in the court's view, the factors in 18 U.S.C. § 3553(a) counseled against relief. Specifically, the court explained that a reduction in Fishbein's sentence would not reflect the seriousness of his conduct, promote respect for the law, provide just punishment for his offense, adequately deter criminal conduct, or protect the public from further crimes.

"We review the denial of a compassionate-release motion for abuse of discretion." *United States v. Jackson*, 27 F.4th 1088, 1091 (5th Cir. 2022). On

No. 25-11365

appeal, Fishbein repackages and submits the same arguments he made to the district court.

None of Fishbein's arguments persuade us that the district court in any way abused its discretion.[1] The court adequately explained that Fishbein did not demonstrate an extraordinary or compelling reason for a sentence reduction and that the § 3553(a) factors did not justify relief. The court "did not base its decision on an error of law or a clearly erroneous assessment of the evidence." *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Although Fishbein "may disagree with how the district court balanced the § 3553(a) factors, that is not a sufficient ground for reversal." *Id.*

We AFFIRM.

---

[1] To the extent Fishbein also contends that he received ineffective assistance of counsel at sentencing, such a claim is not cognizable in a § 3582(c)(1) motion. *See United States v. Escajeda*, 58 F.4th 184, 187 (5th Cir. 2023).